# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH SHAFIHIE<br>CDCR No. BU-5269<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK; FEDERAL BUREAU OF INVESTIGATION; DEPARTMENT OF JUSTICE; CHRISTOPHER WRAY; MERRICK GARLAND; LINDA LOPEZ,<br><br>Defendants. | Case No.: 3:23-cv-1218-JO-WVG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(iii)** |

## I. BACKGROUND

Plaintiff Arash Shafihie is a state prisoner incarcerated at California Health Care Facility ("CHCD") in Stockton, California. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1, 2. District Judge Lopez, the judge initially assigned to this matter, granted Plaintiff's IFP motion. Dkt. 4. Upon screening his complaint pursuant to 28 U.S.C § 1915(e)(2) and § 1915A, she dismissed his claims for failing to state a claim but granted

leave to amend. *Id.* In response, Plaintiff filed a First Amended Complaint ("FAC") that no longer named any of the original defendants or realleged any of his original claims. Dkt. 5. Instead, his pleading names Judge Lopez as the sole Defendant and seeks monetary damages against her for dismissing his complaint and thereby violating his constitutional rights.[1] *Id.* at 7. District Judge Lopez recused herself from this action and the matter was reassigned to the undersigned on August 14, 2023. Dkt. 6.

Because Plaintiff is proceeding IFP, the Court screens his First Amended Complaint. For the reasons set forth below, the Court finds that he fails to state a legally valid claim and dismisses his case with prejudice.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

**A. Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

---

[1] Plaintiff claims against Defendants Wells Fargo Bank, Federal Bureau of Investigation, Department of Justice, Christopher Wray, and Merrick Garland are deemed waived. In the July 24, 2023 Order granting Plaintiff leave to file an amended complaint, he was specifically instructed that his amended complaint "must be complete by itself without reference to his original Complaint" and "[d]efendants not named and any claims not re-alleged in the amended complaint will be considered waived." ECF No. 4 at 10 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Judicial Immunity**

Plaintiff alleges that Judge Lopez violated his due process and equal protection rights "by dismissing [his] action against Wells Fargo Bank prejudicially.... " FAC at 3. His claims based on orders she issued in his case fail because Judge Lopez enjoys judicial immunity for those official actions.

Judges enjoy immunity for "judicial acts" performed in the course of their work. *Lund v. Cowan,* 5 F.4th 964, 971 (9th Cir. 2021), *cert denied*, 142 S.Ct. 900 (2022). As such, they cannot be subject to liability for action taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Otherwise, "[s]ubjecting judges to liability for the grievances of litigants would destroy that independence without which no judiciary can be either respectable or useful." *Lund,* 5 F.4th at 971 (citation omitted). To determine whether an act is judicial, a court must consider whether " '(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.' " *Id.* (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Here, Judge Lopez is protected by judicial immunity because Plaintiff challenges conduct that constitutes a "judicial act." Plaintiff's complaint centers on Judge Lopez's order dismissing his case after screening his complaint. As the judge presiding over this matter, she performed a "normal judicial function"— one that is required by law—when she issued a screening order determining whether Plaintiff's complaint failed to state a claim. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) (requiring courts to screen a prisoner's

IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants). Based on the above, the Court concludes that judicial immunity bars Plaintiff's § 1983 claim for damages against Judge Lopez.

### III. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** Plaintiff's FAC in its entirety because its claims are barred by judicial immunity. Because further amendment cannot cure the legal bar of judicial immunity, the Court dismisses this case without leave to amend. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: October 3, 2023

Hon. Jinsook Ohta
United States District Judge